UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN BELL, individually and on behalf of members of the general public similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>NUSIL TECHNOLOGY LLC, et al.,<br><br>        Defendants. | Case No.: 1:20-cv-0061- NONE JLT<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SUPPLEMENT HIS INITIAL DISCLOSURES<br><br>(Doc. 14) |

       Nathan Bell is a former employee of Nusil Technology and Avantar Performance Materials and asserts Defendants failed to compensate him—and other employees—for all hours worked and missed meal periods and/or rest breaks. Plaintiff seeks to hold Defendants liable for wage and hour violations under California law. (*See* Doc. 2-1) Defendants now seek to compel Plaintiff to supplement his initial disclosures, particularly related to his claimed damages. (Doc. 14) For the reasons set forth below, Defendants' motion to compel is **GRANTED**.

**I.     Background**

       Plaintiff asserts he was employed by Defendants "as an hourly-paid, non-exempt employee, from approximately May 2013 to approximately May 2018." (Doc. 2-1 at 9, ¶ 19) He alleges, "Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California." (*Id.*, ¶ 26) For example, he asserts Defendants failed to pay

him, and other employees, "for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violations of California law." (*Id.*)  In addition, Plaintiff contends "Defendants knew or should have known that Plaintiff and the other class members were entitled to certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all hours worked." (*Id.* at 10, ¶ 27)  Plaintiff also alleges that he and other employees did not receive "minimum wages for all hours worked," or all wages due upon discharge. (*Id.* at 10-11, ¶¶ 31-33)

On October 21, 2019, Plaintiff filed a class action in Kern County Superior Court, raising the following causes of action: (1) unpaid overtime in violation of Cal. Labor Code §§ 510 and 1198; (2) unpaid meal period premiums in violation of Cal. Labor Code §§ 226.7 and 512(a); (3) unpaid rest period premiums in violation of Cal. Labor Code § 226.7; (4) unpaid minimum wages in violation of Cal. Labor Code §§ 1194, 1197, and 1197.1; (5) failure to pay timely final wages in violation of violation of Cal. Labor Code §§ 201 and 202; (6) untimely wages during employment in violation of Cal. Labor Code § 204; (7) non-compliant wage statements in violation of Cal. Labor Code § 226(a); (8) failure to keep requisite payroll records in violation of Cal. Labor Code § 1174(d); unreimbursed business expenses in violation of Cal. Labor Code §§ 2800 and 2802; and (10) violation of Cal. Bus. & Prof. §§ 17200, *et. seq.* (*See* Doc. 2-1 at 3)

On January 13, 2020, Defendants filed a Notice of Removal, thereby initiating the action in this Court. (Doc. 1)  Defendants assert the Court has diversity jurisdiction over the action, and pursuant to the Class Action Fairness Act. (*Id.*)  According to Defendants, "the amount in controversy, based on the allegations in the Complaint[,] is conservatively a minimum of $5,284,259.47, not including attorneys' fees." (*Id.* at 3)  Further, Defendants assert that "if the Complaint is reasonably construed as seeking one missed rest period and one missed meal period each day, the potential exposure increases by $11,726,19540." (*Id.*)  Plaintiff filed a motion to remand on January 28, 2020, arguing in part that the amount in controversy is not required for the Class Action Fairness Act. (*See* Doc. 4 at 2)

While the motion to remand remains under submission before the Court (*see* Doc. 8), Plaintiff served his initial disclosures required by Rule 26 of the Federal Rules of Civil Procedure on July 8, 2020. (*See* Doc. 14 at 6; Doc. 14-1 at 1-5)  On July 27, 2020, Defendants informed Plaintiff's counsel that his initial disclosures "were deficient" because he "did not provide a description of damages

claimed" and inquired whether Plaintiff would supplement the disclosures. (*Id.*) After Plaintiff did not respond, Defendants again contacted Plaintiff's counsel regarding the deficiencies on July 31, 2020, to which there was no response. (*Id.*) Defendants report they contacted counsel for a third time on August 3, 2020, "asking that Plaintiff respond to the letter and supplement his Initial Disclosures, and also explained the need for a meet and confer conference." (*Id.*) According to Defendants, "Plaintiff provided an evasive response which did not respond to these questions." (*Id.*)

On August 5 and 6, Defendants contacted Plaintiff's counsel seeking a time to meet and confer regarding the dispute. (Doc. 14 at 6-7) Plaintiff's counsel responded, "They were not available for a call until August 14," and the parties had a conference on that date. (*Id.* at 7) Because the parties were unable to come to an agreement, Defendants filed the motion to compel Plaintiff to supplement his initial disclosures now pending before the Court on August 19, 2020.

The parties failed to file a joint written statement regarding the discovery dispute. On the date of the filing deadline—September 2, 2020—Melissa Fassett, counsel for Defendants, filed a declaration at 12:03 p.m. (Doc. 17) Ms. Fassett reported she sent a draft of the joint statement to Plaintiff's Counsel on August 19 and a followed up on August 20, 2020. (*Id.* at 2, Fassett Decl. ¶ 2) She reported that as of the time of filing, Plaintiff "did not provide [her] with information to be included." (*Id.*, ¶ 3) Approximately twenty minutes later, "Plaintiff's counsel transmitted Plaintiff's portion of the proposed joint statement to Defendants' counsel and requested that Defendants' counsel provide her consent for Plaintiff's counsel to file the statement." (Doc. 18 at 2-3) After Defendants did not agree to the portions prepared by Plaintiff, Ms. Younger filed a declaration attaching Plaintiff's portion to the statement at 6:09 p.m. (*See id.* at 41-55)

**II.    Standards Governing Initial Disclosures**

Rule 26 of the Federal Rules of Civil Procedure governs initial disclosures by the parties, who must disclose information such as "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). The parties must disclose "a computation of each category of damages claimed by the disclosing party-- who must also make available for inspection and copying as under Rule 34 the documents or other

3

evidentiary material, unless privileged or protected from disclosures, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *Id.* Fed. R. Civ. P. 26(a)(1)(A)(iii).

Further, parties have a duty to supplement or correct their initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery or in writing." Fed. R. Civ. P. 26(e)(1)(A).  If a party fails to make any disclosures required by Rule 26(a), another party "may move to compel disclosures and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A).

### III.   Discussion and Analysis

In Plaintiff's initial disclosures, Plaintiff stated that he "on behalf of himself, and all others similarly situated, is seeking damages, including unpaid minimum and overtime wages; premium wages; liquidated damages; actual, consequential, and incidental losses and damages, according to proof; restitution; interest; and reasonable attorneys' fees and litigation costs." (Doc. 14-1 at 4) Plaintiff indicated also:

> Plaintiff is currently unable to access the full extent of Defendants' wrongful conduct at this early state of litigation.  The amount controversy for Plaintiff, including but no limited to claims to compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees is less than $75,000.  Plaintiff reserves the right to supplement this disclosure when Plaintiff discovers facts and/or documents relevant to the computation of damages.

(*Id.* at 4-5)

Defendants contend this disclosure fails to comply with the requirements of Rule 26, because Plaintiff did "nothing to quantify the damages he claims to have incurred in each of the claims he has asserted." (Doc. 14 at 8)  Defendants observe, "FRCP 26(a)(1)(A)(iii) expressly obligates a plaintiff to provide a computation of each category of damages claimed, accompanied by the documents supporting that claim." (*Id.*)  Defendants note that in the complaint, Plaintiff "alleged specific statutory violations," including:

• Labor Code sections 510 and 1198 – unpaid overtime

• Labor Code sections 226.7 and 512(a) – failure to provide meals, breaks

4

- Labor Code sections 1194, 1197, 1197.1 – failure to pay minimum wage
- Labor Code sections 201, 202, 203, 204 – failure to timely pay wages
- Labor Code section 226(a) – failure to provide wage statements
- Labor Code section 1174(d) – failure to keep accurate payroll records
- Labor Code sections 2800, 2802 – failure to reimburse expenses

(*See* Doc. 14 at 8-9) Because Plaintiff "alleged that he suffered damage as a result of each of these alleged violations," Defendants assert he "must provide information about what he believes his damages in each category may be…" (*Id.* at 9) Thus, Defendants seek an order "compelling Plaintiff to supplement his Initial Disclosures by providing the calculations of damages he is asserting on his own behalf, under each claim asserted, and provide the documents on which his claims are based." (*Id.* at 11)

Plaintiff contends he is not obligated to provide a calculation of damages "early in the case before all relevant documents or evidence has been obtained by the plaintiff." (Doc. 8 at 47, quoting *Cardoza v. Bloomin' Brands, Inc.*, 2015 WL 3875916, at *2 (D. Nev. June 22, 2015). Plaintiff observes that in *Cardoza*, the plaintiff brought "a wage and hour case brought under the Fair Labor Standards Act, [and] the court found that it was sufficient for the wage and hour plaintiff to provide the formula by which damages would be calculated by way of the initial disclosures." (*Id.*) According to Plaintiff, he "offered to provide a damages formula" during the meet and confer process, with which " Defendants can easily determine their exposure using their own records, for purposes of understanding the contours of their potential exposure and make informed decisions as to settlement and discovery, thereby satisfying the essential purpose of the initial disclosure requirements." (*Id.* at 53-54)

Plaintiff claims he plans to "rely upon surveys of class members, expert testimony, and statistical sampling of the defendants-employers' s records to establish damages." (Doc. 8 at 47) However, the "pay records and time cards of all class members… are within the sole control and custody of the Defendants in this case." (*Id.*) Plaintiff maintains that "[w]ithout access to exact frequency of the violations of wage and hour law, Plaintiff cannot provide a meaningful estimate of damages." (*Id.* at 48) Further, Plaintiff asserts "the identities of the witnesses and the documents upon which the putative Class will provide damages are within the exclusive control and custody of the

Defendants." (*Id.* at 52) Therefore, Plaintiff concludes he should not be compelled to supplement his Initial Disclosures.

Plaintiff fails to recognize that Defendants are seeking to compel him to identify his *personal* damages, rather than the damages of the putative class. As Defendants observe, Plaintiff asserted in his Initial Disclosures that his damages—including "compensatory damages, restitution, penalties, wages, [and] premium pay—well has his expected share of attorneys fees, are "less than $75,000.00. (*See* Doc. 14-1 at 4-5) However, Plaintiff failed to identify his damages for any of the causes of action identified in the complaint. For example, Plaintiff fails to identify the amount of lost wages he believes are due, or any unreimbursed business expenses that he incurred while employed by Defendants. There is no explanation as to why Plaintiff is unable to provide such information, and payroll records for putative class members are not necessary for Plaintiff to calculate his *personal* damages as required under Rule 26.

As courts in the Ninth Circuit have observed, "the 'computation' of damages required by Rule 26(a)(1)(C) contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate." *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (citing, e.*g., Bullard v. Roadway Exp.*, 3 Fed. Appx. 418, 420 (6th Cir. 2001); *Burnett v. United States*, at 2016 WL 3392263 (C.D. Cal. June 14, 2016) (granting the defendant's motion to compel the plaintiff to supplement the initial disclosures with "a computation of Plaintiff's wage loss damages"). Further, where a plaintiff identifies several causes of action in a complaint, the plaintiff "should disclose a computation of each category of damages attributable to each cause of action." *See Frontline Med. Assocs. v. Coventry*, 263 F.R.D. 567, 569 (C.D. Cal. 2009) (noting the plaintiff sought damages for three causes of action in his complaint—breach of contract, violation of fair practice, and interference with prospective economic advantage— and needed to disclose his damages under each cause of action).

Because Plaintiff has identified ten causes of action in his complaint and asserts he personally is seeking damages for these causes of action, he is obligated under Rule 26 to identify the damages claimed for each cause of action. *See Tutor-Saliba Corp.*, 218 F.R.D. at 221; *Frontline Med. Assocs.,* 263 F.R.D. at 569. For example, he must identify his hourly rates for purposes of calculating lost

wages, or meal and rest period premiums, and his own unreimbursed business expenses. Such information is within the knowledge of Plaintiff and does not require class payroll data for calculation.

### IV. Conclusion and Order

Based on the foregoing, the Court concludes Plaintiff's initial disclosures fail to provide the information required by Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. Accordingly, the Court **ORDERS**:

1. Defendants' motion to compel Plaintiff to supplement his Initial Disclosures (Doc. 14) is **GRANTED**;
2. Within two weeks of the date of service of this order, Plaintiff **SHALL** provide the calculations of damages he is asserting on his own behalf, for each claim asserted.

IT IS SO ORDERED.

Dated: **September 8, 2020**          /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE