UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN BELL, individually and on behalf of members of the general public similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NUSIL TECHNOLOGY LLC, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:20-cv-0061- NONE JLT<br><br>ORDER VACATING THE HEARING DATE OF NOVEMBER 10, 2020<br><br>ORDERGRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO SUPPLEMENT THEIR INITIAL DISCLOSURES<br><br>(Doc. 24) |

Nathan Bell is a former employee of Nusil Technology and Avantar Performance Materials, and asserts Defendants failed to compensate him—and other employees—for all hours worked and missed meal periods and/or rest breaks. Plaintiff seeks to hold Defendants liable for wage and hour violations under California law. (*See* Doc. 2-1) Plaintiff seeks to compel Defendants to supplement their initial disclosures. (Doc. 24)

The Court finds the mater suitable for decision without oral arguments, and the matter is taken under submission pursuant to Local Rule 230(g). Therefore, the hearing date of November 10, 2020 is **VACATED**. For the reasons set forth below, Plaintiff's motion to compel is **GRANTED in part**.

**I.      Background**

Plaintiff asserts he was employed by Defendants "as an hourly-paid, non-exempt employee, from approximately May 2013 to approximately May 2018." (Doc. 2-1 at 9, ¶ 19) He alleges,

1

"Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California." (*Id.*, ¶ 26) For example, he asserts Defendants failed to pay him, and other employees, "for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violations of California law." (*Id.*) In addition, Plaintiff contends "Defendants knew or should have known that Plaintiff and the other class members were entitled to certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all hours worked." (*Id.* at 10, ¶ 27) Plaintiff also alleges that he and other employees did not receive "minimum wages for all hours worked," or all wages due upon discharge. (*Id.* at 10-11, ¶¶ 31-33)

On October 21, 2019, Plaintiff filed a class action in Kern County Superior Court, raising the following causes of action: (1) unpaid overtime in violation of Cal. Labor Code §§ 510 and 1198; (2) unpaid meal period premiums in violation of Cal. Labor Code §§ 226.7 and 512(a); (3) unpaid rest period premiums in violation of Cal. Labor Code § 226.7; (4) unpaid minimum wages in violation of Cal. Labor Code §§ 1194, 1197, and 1197.1; (5) failure to pay timely final wages in violation of violation of Cal. Labor Code §§ 201 and 202; (6) untimely wages during employment in violation of Cal. Labor Code § 204; (7) non-compliant wage statements in violation of Cal. Labor Code § 226(a); (8) failure to keep requisite payroll records in violation of Cal. Labor Code § 1174(d); unreimbursed business expenses in violation of Cal. Labor Code §§ 2800 and 2802; and (10) violation of Cal. Bus. & Prof. §§ 17200, *et. seq.* (*See* Doc. 2-1 at 3)

On January 13, 2020, Defendants filed a Notice of Removal, thereby initiating the action in this Court. (Doc. 1) Defendants assert the Court has diversity jurisdiction over the action, and pursuant to the Class Action Fairness Act. (*Id.*) According to Defendants, "the amount in controversy, based on the allegations in the Complaint[,] is conservatively a minimum of $5,284,259.47, not including attorneys' fees." (*Id.* at 3) Further, Defendants assert that "if the Complaint is reasonably construed as seeking one missed rest period and one missed meal period each day, the potential exposure increases by $11,726,19540." (*Id.*) Plaintiff filed a motion to remand on January 28, 2020, arguing in part that the amount in controversy is not required for the Class Action Fairness Act. (*See* Doc. 4 at 2)

While the motion to remand remains under submission before the Court (*see* Doc. 8), the parties exchanged initial disclosures on July 8, 2020. (*See* Doc. 14 at 6; Doc. 14-1 at 1-5; Doc. 24-5) On

August 19, 2020, Defendants sought to compel Plaintiff to supplement his initial disclosure with information regarding his damages for the claims presented in the complaint. (Doc. 14) The Court granted the motion on September 8, 2020, and directed Plaintiff to "provide the calculation of damages he is asserting on his own behalf, for each claim presented." (Doc. 22 at 7)

Plaintiff contends the initial disclosures provided by Defendants were also deficient, because Defendants did not identify the "location and description" of records upon which Defendants relied to support removal to the District Court. (Doc. 18 at 42; *see also* Doc. 24 at 2-3) On October 16, 2020, Plaintiff filed the motion to compel Defendants to supplement their initial disclosures now pending before the Court. (Doc. 24) The parties file their Joint Statement regarding the discovery disagreement on November 3, 2020. (Doc. 25)

**II.     Standards Governing Initial Disclosures**

Rule 26 of the Federal Rules of Civil Procedure governs initial disclosures by the parties, who must disclose information such as "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). In addition, the parties must disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses…." Fed. R. Civ. P. 26(a)(1)(A)(ii). Finally, a party must provide "for for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv).

Further, parties have a duty to supplement or correct their initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery or in writing." Fed. R. Civ. P. 26(e)(1)(A). If a party fails to make any disclosures required by Rule 26(a), another party "may move to compel disclosures and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A).

## III. Discussion and Analysis

In their initial disclosures, Defendants identified the names of known witnesses, and the following documents and things in their possession: "Plaintiff's Personnel Records, payroll records, and time-keeping records relating to his employment with NuSil Technology LLC." (Doc. 24-5 at 2-3) Defendants indicated:

> Without having conducted discovery, Defendant is not aware of all documents, data compilations, and tangible things within its possession, custody or control which may support its defenses. Defendant anticipates that many of the documents which may support its defenses are in the possession, custody or control of plaintiff and of third parties. Defendant reserves the right to update this list as additional documents and information are produced by the parties and as discovery reveals additional information.

(*Id.* at 3) Further, Defendants produced the "[d]eclaration page of [a] general liability insurance policy covering Defendant." (*Id.*)

Plaintiff argues Defendants failed to make adequate initial disclosures because they did not produce any of the documents upon which they relied to make calculations contained in the Notice of Removal and did not produce the full insurance policy. (Doc. 24-1 at 5-10; Doc. 25 at 12-13, 17-18) Thus, Plaintiff contends the Court should "compel Defendants to provide adequate initial disclosures of the documents and electronically-stored information that support their defense that the amount in controversy in this case exceeds the minimum thresholds required for removal within 10 days and for an order for appropriate exclusion sanctions." (Doc. 24-1 at 10)  In addition, Plaintiff asserts the Court should "compel Defendants to produce a complete copy of the insurance policy at issue in this matter." (*Id.*)

### A. Rule 26(a)(1)(A)(ii): Relevant documents, electronic information, and things

Plaintiff asserts Defendants failed to comply with the initial disclosure requirements by identifying his "Personnel Records, payroll records and time-keeping records" as relevant documents in their possession, asserting the "descriptions of these categories of documents are vague and insufficient." (Doc. 25 at 13, citing, e.g., *Dhalilwal v. Singh*, 2014 U.S. Dist. LEXIS 89670, \*\*22-23; 2014 WL 2957310 (E.D. Jun. 30, 2014)).  Plaintiff observes, "In *Dhalilwal*, the court ruled that a defendant's initial disclosure was inadequate where it simply identified documents as follows: 'loan documents', 'accounting records', and 'financial records and reports.'" (*Id.* at 12-13)  Plaintiff argues

4

the "inadequate descriptions" in *Dhalilwal* "are identical to the vague descriptions set forth in Defendants' initial disclosures." (*Id.* at 13)

Defendants observe that either a copy *or* description of the documents in its possession must be provided under Rule 26(a)(1)(A)(ii). (Doc. 25 at 13-14) According to Defendants, they "complied with this requirement in the same way Plaintiff did – by describing the documents that they expected would be relevant to Plaintiff's claims." (Doc. 25 at 14, emphasis omitted) Defendants note that Plaintiff's description of documents similarly included:

1. Plaintiff's personnel file

2. Plaintiff's wage statements

3. Documents setting forth all of Defendants wage and hour policies and procedures during the proposed class period, including all versions and explanation of their effective dates

4. Documents setting forth all of Defendants' policies and procedures during the proposed class period regarding payroll records, including all versions and explanation of their effective dates

5. Documents setting forth all of Defendants time keeping policies and procedures during the proposed class period, including all versions and explanation of their effective dates.

(Doc. 25 at 14-15, emphasis omitted) Thus, Defendants suggest if Plaintiff believed his disclosure descriptions were sufficient then, likewise, Defendants' disclosures are sufficient. (*Id.*)

Nevertheless, Defendants report "since the Initial Disclosures were served, Defendants have produced the documents referenced in their Initial Disclosures." (Doc. 25 at 15, emphasis omitted) Plaintiff does not dispute that copies of the documents were provided by Defendants. Because Rule 26 requires the parties to provide *either* a copy *or* "a description by category and location" of documents, Defendants complied with the requirements when they supplemented the initial disclosure with copies of the documents. Therefore, Plaintiff's motion to compel further initial disclosures, on the grounds that the descriptions of the identified documents were inadequate, is **DENIED**.

### B. Documents related to the "amount-in-controversy" calculation

In the Notice of Removal, Defendants indicated "the amount in controversy, based on the allegations in the complaint[,] is conservatively a minimum of $5,284,259.46, not including attorneys' fees." (Doc 1 at 3) In addition, Defendants asserted that if the Complaint is reasonably construed as

seeking one missed rest period and one missed meal period each day, the potential exposure increases by $11,726,19540." (*Id.*)  In support of these calculations, Defendants filed a declaration from Caroline Flood, who is "employed at Avantor Performance Materials, LLC… in the Human Resources Dept." and oversees the human resources functions for employees of NuSil Technology, LLC. (Doc. 2-2 at 1, Flood Decl. ¶ 1) Ms. Flood reported that she had "access to the records of [NuSil] personnel from 2016 to 2019." (*Id.*)  Based upon the class defined by Plaintiff, Ms. Flood believed there were 292 class members in 2019, 271 class members in 2018, 297 class members in 2017, and 256 class members in 2016.  (*Id.* at 5)

      Plaintiff argues Defendants failed to make adequate initial disclosures because they did not produce any of the documents upon which Ms. Flood relied to make her calculations or "describe the personnel records and employee data cited in Ms. Flood's testimony." (Doc. 24-1 at 4-5; *see also* Doc. 25 at 11-13)  According to Plaintiff, Defendants fail "to provide a sufficiently detailed description by category of the documents, electronically stored information, and tangible things that support their defense that the amount in controversy exceeds the minimum thresholds required for removal ($75,000 for diversity jurisdiction and $5,000,000 for the Class Action Fairness Act) and this initial disclosure fails to provide a description of the location of the documents listed." (Doc. 25 at 12) Plaintiff contends, "None of these documents described by Ms. Flood were produced or referenced within Defendants' initial disclosures." (*Id.* at 13) Thus, Plaintiff concludes Defendants failed to comply with Rule 26(a)(1)(A)(ii).

      Significantly, however, Plaintiff fails to show Defendants must produce class data at this early juncture in the action, where the matter has not yet been scheduled.  Although the amount in controversy is an issue pending before the Court related to its jurisdiction, there is no showing that evidence related to the Court's jurisdiction and calculating the amount in controversy must be included in the initial disclosures under Rule 26(a).  However, Defendants identified Caroline Flood, who made the amount in controversy calculations, as a potential witness in the action.  (Doc. 25 at 14) This witness appears to be an expert and expert discovery is not within the scope of the initial disclosures required by Rule 26. Furthermore, as discussed above, Defendants produced documents related to Plaintiff's claims, which complies with the requirements of Rule 26. (*Id.* at 15)

Because Plaintiff fails to show evidence related to the amount in controversy should have been included in the initial disclosures— or explain how the copies of documents identified and produced by Defendants were inadequate at this juncture to satisfy the requirements of Rule 26— the motion for supplemental initial disclosures under Rule 26(a)(1)(A)(ii) is **DENIED**.

### C. Rule 26(a)(1)(A)(iv): Insurance agreements

Rule 26 provides that parties must, without awaiting a discovery request, provide "for inspection and copying … any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Rule 26(a)(1)(A)(iv). Notably, parties must produce all policies under which they may be liable to satisfy a possible judgment, even if they dispute liability under the policies. *See* Fed. R. Civ. P. 26, Advisory Commentary ("Disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation…. Thus, an insurance company must disclose even when it contests liability under the policy, and such disclosure does not constitute a waiver of its claim.").

In the initial disclosures, Defendants produced the "[d]eclaration page of [the] general liability insurance policy covering Defendant." (*See* Doc. 24-5 at 3) Defendants do not dispute that the entirety of the insurance policy should be produced under Rule 26(a)(1)(A)(iv), but indicate they wanted a protective order in place prior to production. (Doc. 26 at 19) Plaintiff indicates that Defendants agreed "to supplement their initial disclosures with a copy of the pertinent insurance policy or policies, pending entry of a protective order" on August 14, 2020. (*Id.* at 5) To date, however, the parties have not filed a proposed protective order, and each party appears to cast blame on the other for the delay.

According to Defendants, on September 3, Defendants' counsel provided a draft protective order "tailored to the Eastern District and to [the] case." (Doc. 25 at 10) Plaintiff asserts that he responded on September 9, 2020, and "transmitted edits to Defendants proposed protective order." (*Id.* at 5) On October 16, Plaintiff filed the motion now pending before the Court and asserted that "the parties have not been able to agree upon the form of the protective order." (Doc. 24-1 at 6) Thereafter,

on October 29, 2020, Plaintiff responded with a different proposed protective order, that Defendants report was the "Form Protective Order from the Central District." (Doc. 25 at 10) To date, the parties have not filed a proposed protective order for the Court.

Despite the delays by the parties in resolving the dispute related to the protective order terms— and not, evidently, whether the insurance document should be produced— the Court finds Defendants' request for a protective order to be in place prior to production to be reasonable. Indeed, Plaintiff also believed the request was reasonable and agreed to it in August 2020. (Doc. 26 at 5, 10) Therefore, Plaintiff's motion to compel Defendants to produce the insurance policy is **GRANTED**, and the Court will order the parties to prepare a joint protective order that prevents disclosure of the insurance policy to persons or entities not involved in this litigation.

**IV.     Conclusion and Order**

Based on the foregoing, the Court **ORDERS** Plaintiff's motion to compel supplemental disclosures (Doc. 24) is granted in part as follows:

1. Plaintiff's motion to compel supplemental initial disclosures related to Rule 26(a)(1)(A)(ii) is **DENIED**;
2. Plaintiff's motion to compel supplemental initial disclosures related to the insurance agreement under Rule 26(a)(1)(A)(iv) is **GRANTED**;
3. No later than **November 23, 2020**, the parties **SHALL** file a joint proposed protective order; and
4. Defendants SHALL produce the insurance agreement identified in the initial disclosures within three days of the date of service by the Court of the approved protective order.

IT IS SO ORDERED.

Dated:   **November 7, 2020**                    **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE